IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**KENNETH EUGENE CARTER,**

      **Plaintiff,**

v.                                                                               Case No. 2:17-cv-00332

**STATE OF WEST VIRGINIA,
CHARLESTON POLICE DEPT. OFFICERS,
DET. ANDREW W. FOSTER, DET. JAMES S. DUNCAN,
KANAWHA COUNTY CIRCUIT COURT,
JUDGE JAMES C. STUCKY, KAREN D. KING, C.C.R,
KANAWHA COUNTY PROSECUTING ATTORNEY'S OFFICE,
and CHARLES T. MILLER, Esquire,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On January 9, 2017, the plaintiff, who is proceeding *pro se*, and who is incarcerated at the Mount Olive Correctional Complex ("MOCC"), filed the instant Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.[1] This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations

---

[1] The plaintiff is a prisoner who also seeks to proceed *in forma pauperis*. Thus, both of these statutory provisions are applicable in this case.

in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The instant Complaint allege that the plaintiff was arrested and held for trial on murder charges and that his clothing was seized for DNA analysis by Charleston Police Department detectives Andrew W. Foster and Detective James S. Duncan on July 21, 2011. (ECF No. 2 at 4). The Complaint further alleges that the plaintiff's clothing was never returned to him for use as exculpatory evidence at trial and, in fact, the clothing was not preserved. Thus, the plaintiff alleges that the State engaged in spoliation of evidence. (*Id.*) The Complaint further alleges that the prosecuting attorney, Charles T. Miller, and Kanawha County Circuit Judge James C. Stucky knowingly suppressed the exculpatory evidence of the plaintiff's clothing at trial. (*Id.* at 5).[2]

---

[2] The plaintiff has included as Exhibits to the Complaint a copy of a property receipt showing the clothing that was seized from the plaintiff, and a copy of Defendant's Instruction No. 1, which instructed the jury that the State failed to preserve the defendant's clothing and that the jury could draw an inference therefrom

3

The Complaint also alleges that Judge Stucky permitted false testimony from a state witness, DHHR worker Donna Thompson, to be presented against him at trial, and that portions of the trial transcript containing Ms. Thompson's testimony were not transcribed in the trial transcript from the second day of trial. (*Id.* at 5). Thus, the plaintiff further alleges that the court reporter, Karen D. King, failed to transcribe the cross-examination of Ms. Thompson "in preparation for a cover up" and "inflicted emotional distress and hurtful damage to claimant's cause." (*Id.*) The Complaint further alleges that this "record evidence was censored and suppress[ed] for appeal purposes" and that such "[d]iscrimination undermines the structural integrity of the criminal tribunal itself." (*Id.* at 6).

The Complaint further states the following in the "Relief" section:

Allow this suit against the State of West Virginia and its servants for the mishandling that lead to the damage, loss of property and the physical harmful treatment sustained, painful torment of mental suffering and the disturbing cruelty that positioned an emotional distress, embarrassment, humiliation, annoyance, and inconvenience, overall prolong suffering with no avail. Also seeks respectfully the appointment of lawyer to assist in this matter of excruciating loss, pain and suffering injuries for the balance in life with set, problems to anguish and humiliation.

(*Id.* at 6).

## ANALYSIS

### A. The plaintiff has not demonstrated that he exhausted available state court remedies before filing the instant complaint in federal court.

The plaintiff's claims amount to requests to grant habeas corpus relief, and necessarily call into question the validity of his state court conviction. However, the

---

that the missing evidence would have been unfavorable to the State and could create reasonable doubt as to the defendant's guilt. (ECF No. 2, Exs. A and B).

plaintiff has not demonstrated that he exhausted all of the available state court remedies before filing the instant proceeding in federal court; thus, this court cannot presently grant such relief. *See* 28 U.S.C. § 2254(b)(1)(A). The plaintiff must first exhaust these claims in the state courts either in a direct appeal or in a habeas corpus petition, followed by the appeal thereof.[3]

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. In the instant case, the plaintiff's requests for declaratory and injunctive relief amount to a request to grant habeas corpus relief, and necessarily call into question the validity of his conviction. As noted by the defendants, the plaintiff has not exhausted his available state court habeas corpus remedies; thus, this court cannot presently grant such relief. *See* 28 U.S.C. § 2254(b)(1)(A).

Furthermore, because the plaintiff has a pending habeas corpus appeal, the District Court should abstain from exercising subject matter jurisdiction over his claims for declaratory and injunctive relief under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial

---

[3] According to the case records of the Circuit Court of Kanawha County, of which this court may take judicial notice, the plaintiff filed a petition for a writ of habeas corpus in the Circuit Court on March 10, 2015, which was denied by final order entered on April 20, 2017. *Carter v. Ballard*, No. 15-P-88 (Kanawha Cty. Cir. Ct., Apr. 20, 2017). The docket sheet for that matter further indicates that the plaintiff filed a Notice of Appeal on May 19, 2017. The habeas appeal, No. 17-0457, is pending before the Supreme Court of Appeals of West Virginia. Thus, as further addressed above, the court should abstain from consideration of the plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1991).

proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

State criminal prosecutions and appeals are certainly important matters of state interest. It would appear to the undersigned that the petitioner's state court proceedings are still on-going, and that the plaintiff would have adequate opportunity to present any claims related to the conduct of the defendants and the constitutionality of his conviction in the state court proceedings. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that abstention from consideration of the plaintiff's claims for declaratory and injunctive relief under the *Younger*-abstention doctrine is appropriate in this case and, therefore this court lacks subject matter jurisdiction over those claims.

      **B.**    **The plaintiff's damages claims are presently barred.**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §

2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, to the extent that the plaintiff seeks monetary damages resulting from alleged improprieties during his criminal prosecution, including the failure to try him within two terms as required by state law, he has not demonstrated that his criminal proceedings have been invalidated. Therefore, because it appears that the plaintiff's allegations bear on the validity of his criminal proceedings, he may not seek damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck v. Humphrey.*

### C. Judge Stucky is absolutely immune from liability on the plaintiff's claims against him.

The plaintiff has named the Honorable James C. Stucky, who was then a Judge of the Circuit Court of Kanawha County, as a defendant. With respect to the allegations contained in the Complaint, Judge Stucky was a judicial officer who was engaged in his official judicial duties in connection with the plaintiff's criminal proceedings when all of the challenged conduct allegedly occurred. It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges

7

> would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.*

Thus, to the extent that any of the plaintiff's allegations overcome the procedural bars discussed above, the plaintiff's claims against Judge Stucky should be dismissed with prejudice because they are barred by absolute judicial immunity. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Judge Stucky.

> **D. Prosecuting Attorney Charles T. Miller and the Kanawha County Prosecuting Attorney's Office are also absolutely immune from liability with respect to the plaintiff's claims against them.**

The plaintiff has also named Kanawha County Prosecuting Attorney Charles T. Miller, and his office, as defendants herein. However, a prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in cases addressing absolute and qualified immunity of public officials as follows:

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *

8

> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.*, at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72; *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431) (Prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'").

The plaintiff alleges that defendant Miller suppressed and lost or destroyed allegedly exculpatory evidence during his criminal proceedings. Thus, to the extent that any of the plaintiff's allegations overcome the procedural bars discussed above, Defendant Miller and any other attorneys in his office were performing discretionary decisions related to the prosecution of the plaintiff's criminal case, for which actions those defendants are absolutely immune under the holding of *Imbler*. These actions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Charles T. Miller and the Kanawha County Prosecuting Attorney's Office are absolutely immune from suit on the plaintiff's claims and, thus, the Complaint fails to state a claim upon which relief may be granted against them.

### E. The Complaint fails to state a plausible claim for relief against the State of West Virginia.

The plaintiff has also named the State of West Virginia as a defendant herein. However, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In the instant matter, to the extent that the plaintiff has named the State of West Virginia as a defendant, the undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia is not a proper party that can be sued under 42 U.S.C. § 1983 and is further immune from liability for monetary damages under the Eleventh Amendment.

### RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 2) fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)

and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

July 10, 2018

Dwane L. Tinsley
United States Magistrate Judge