IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH EUGENE CARTER,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 2:17-cv-00332

STATE OF WEST VIRGINIA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before this Court are a Complaint, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), filed by Plaintiff Kenneth Eugene Carter ("Plaintiff"), proceeding *pro se*. By standing order entered in this case on January 9, 2017, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Tinsley entered his PF&R on July 10, 2018, recommending that this Court dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted and deny Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 7 at 10–11.) Plaintiff filed objections to the PF&R on July 27, 2018. (ECF No. 8.)

For the reasons explained more fully herein, this Court **OVERRULES** Plaintiff's objections, (ECF No. 8), **ADOPTS IN PART** the PF&R, (ECF No. 7), **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and **DISMISSES** this action.

1

## I. LEGAL STANDARDS

### A. Review of PF&R

Upon receipt of a PF&R, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court "make[s] a de novo determination of those portions of the [PF&R] to which objection is made." *Id.*; *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). However, this Court is not required to review, "under a *de novo* or any other standard," the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the [PF&R]." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Review of Complaint Pursuant to 28 U.S.C. § 1915

When a litigant seeks to proceed *in forma pauperis*, this Court must "screen [the litigant's] initial filings" before allowing the suit to proceed. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). This Court must dismiss the action if it determines during this screening process that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

## II. DISCUSSION

As an initial matter, it is not clear from the complaint under what theory Plaintiff brings his claims. In the PF&R, Magistrate Judge Tinsley concluded that Plaintiff's "claims amount to requests to grant habeas corpus relief," and for good reason. (ECF No. 7 at 4.) If a prisoner challenges his conviction in a complaint filed in federal court, his "sole remedy" is a habeas corpus

proceeding. *See Skinner v. Switzer*, 562 U.S. 521, 533 (2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Plaintiff's complaint alleges that his clothing was seized "for DNA analysis" and was "never returned for later use as exculpatory evidence at trial." (ECF No. 2 at 4.) He claims that Defendant Judge James C. Stucky ("Judge Stucky"), the Kanawha County Circuit Court judge who presided over Plaintiff's criminal trial, refused to give Plaintiff's requested jury instruction about spoliation of evidence related to the clothing. (*Id.* at 5; ECF No. 2-1 at 2.) Further, Plaintiff alleges that Judge Stucky permitted a witness for the prosecution to give false testimony at his trial and that Defendant Karen D. King, the court reporter at his criminal trial, omitted a portion of this witness's testimony from the trial transcript in "concentrated preparation for a cover up." (ECF No. 2 at 5.) Because a judgment in Plaintiff's favor with respect to these allegations "would necessarily imply the invalidity of his conviction or sentence," this Court must construe the complaint as a petition for habeas corpus pursuant 28 U.S.C. § 2254. *Skinner*, 562 U.S. at 533 (quoting *Heck*, 512 U.S. at 487).

This Court is prohibited from granting a § 2254 petition where "the applicant has [not] exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Magistrate Judge Tinsley notes that Plaintiff has failed to exhaust these remedies because his appeal of the denial of his state habeas corpus petition remains pending in the West Virginia Supreme Court of Appeals. (ECF No. 7 at 5 n.3.) "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see* W. Va. Code § 53-4A-1 (describing procedures for habeas corpus review). Because Plaintiff's appeal remains pending, he has not yet exhausted these remedies. *See Leftwich v. Coiner*, 424 F.2d 157, 158 (4th Cir. 1970) (stating that remedies exhausted once the Supreme Court of Appeals

3

"denie[s] relief"). Accordingly, this Court **ADOPTS IN PART** Magistrate Judge Tinsley's PF&R insofar as it recommends dismissal for failure to exhaust available state remedies.[1]

However, in his objections to the PF&R, Plaintiff clarifies that he brings this action under 42 U.S.C. § 1983 for his "personal property that was unjustly seized and not returned." (ECF No. 8 at 2–3.)[2] To the extent Plaintiff's complaint asserts a § 1983 procedural due process claim for the loss of his clothing, the claim is time-barred. The statute of limitations applicable to § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In West Virginia, actions for personal injuries must be brought "within two years . . . after the right . . . shall have accrued." W. Va. Code § 55-2-12; *Courtney v. Courtney*, 437 S.E.2d 436, 438 (W. Va. 1993). "In evaluating a complaint filed in forma pauperis pursuant to § 1915, [this Court] may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense." *Eriline Co.*, 440 F.3d at 656 (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54 (4th Cir. 1995) (en banc)).

Plaintiff attaches to his complaint a "Property Receipt" that acknowledges a pair of shorts, a t-shirt, and a pair of shoes were seized on July 21, 2011. (ECF No. 2-1 at 1.) He alleges that these items "were never returned for later use as exculpatory evidence at trial" because they were "los[t] or destroyed." (ECF No. 2 at 4–5.) Plaintiff's trial was held in May 2012. (*See* ECF No. 2-1 at 3.) Therefore, at the very latest, Plaintiff's claims accrued in May 2012. *See Nasim*, 64 F.3d at 955 ("[A] cause of action accrues when the plaintiff possesses sufficient facts about the

---

[1] This Court further notes that "[t]he proper respondent to a habeas corpus petition is the person who has custody over the petitioner." *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011). The warden of the facility where Plaintiff is housed has not been named as a defendant in this action.

[2] Plaintiff also purports to amend his complaint to substitute Defendant State of West Virginia with "Municipalities of Charleston" and to add "State Police Forensic Laboratory" as a defendant. (ECF No. 8 at 2.) Even if Plaintiff may amend as of right because a responsive pleading has not yet been filed, *see* Fed. R. Civ. P. 15(a)(1), the action is nonetheless time-barred. *See also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied.").

harm done to him that reasonable inquiry will reveal his cause of action. . . . [I]t is critical that the plaintiff know that he has been hurt and who inflicted the injury."). He filed this action on January 9, 2017, well beyond the expiration of the two-year limitations period. (*See* ECF No. 2.) Dismissal of the complaint pursuant to § 1915(e)(2)(B) is appropriate. *See Nasim*, 64 F.3d at 956 (affirming district court's dismissal of time-barred complaint as frivolous).

Thus, regardless of whether this Court construes Plaintiff's claims as a habeas corpus petition challenging certain aspects of his state criminal proceeding or as § 1983 procedural due process claims, this Court is obligated to dismiss Plaintiff's complaint. 28 U.S.C. § 1915(e)(2)(B); *Eriline Co.*, 440 F.3d at 656 n.12 (noting that § 1915 dismissal is mandatory).

### III. CONCLUSION

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections, (ECF No. 8), **ADOPTS IN PART** the PF&R, (ECF No. 7), **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and **DISMISSES** this action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 31, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE